IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                              Criminal Action No. 5:11CR1
                                    (STAMP)

LINNIE HILLIARD,

    Defendant.

**MEMORANDUM OPINION AND ORDER
DENYING THE DEFENDANT'S MOTION IN THE INTEREST
OF JUSTICE TO NOTIFY COURT OF SENTENCING ERROR**

I.   Background

On June 4, 2012, the defendant in the above-styled criminal action filed a motion in the interest of justice to notify court of sentencing error. This motion argues that this Court, in sentencing the defendant, failed to properly explain why the sentence imposed met the requirements of the factors set forth in 18 U.S.C. § 3553(a), as was required by the United States Court of Appeals for the Fourth Circuit in United States v. Carter, 564 F.3d 325 (4th Cir. 2009). After review of the defendant's contentions and for the reasons that follow, this Court will deny the motion.

A grand jury indicted the defendant on February 1, 2011, initiating Criminal Action No. 5:11CR1 in this Court. The single count indictment charged the defendant with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e)(1). The indictment also named the defendant in a forfeiture allegation seeking forfeiture of any firearm and

any ammunition involved in the knowing and willful commission of the offense, including one Hi-Point, model C-9, .9mm pistol.

On August 2, 2011, the defendant pled guilty to the indictment pursuant to a plea agreement which contained a binding sentencing provision that provided that the defendant be sentenced to 120 months incarceration to be followed by three years of supervised release. Following this Court's acceptance of the defendant's plea of guilty, the defendant's presentence report revealed that the defendant did not qualify for Armed Career Criminal status, and as a result, found that the United States Sentencing Guidelines ("USSG") placed this defendant in a guideline range of 70-87 months incarceration. The defendant then, with the approval of the United States, moved to modify the binding plea agreement to lower the agreed term of incarceration to 87 months. This Court subsequently granted the motion to amend the plea agreement.

The defendant appeared before this Court for sentencing on September 27, 2011. At the sentencing hearing, both the defendant and the United States requested that this Court accept the binding plea agreement and sentence the defendant to 87 months of incarceration to be followed by three years of supervised release, pursuant to that agreement. This Court accepted the binding agreement, and sentenced the defendant pursuant thereto to 87 months in the custody of the United States Bureau of Prisons to be followed by three years of supervised release. In accepting the

binding agreement and sentencing the defendant in accordance with the agreement's terms, this Court indicated that:

> I think this is a good sentence. It think it will take into consideration the Rule 11(c)(1)(C) binding plea agreement. I think it will take into consideration the Guidelines under United States v. Booker and whatever factual findings needed to be made. And I think it will still reflect the sentencing factors under 18 United States Code, § 3553(a). I think it will reflect the seriousness of the offense. It is a serious offense. I think it will still promote respect for the law and I think it will still provide just punishment for the offense.

(ECF No. 39 *7-8.)

The defendant did not object to the sentence imposed, nor did he object to the procedure utilized by this Court to impose it. Pursuant to the plea agreement, the defendant waived his rights to appeal his sentence and the manner in which it was determined under 18 U.S.C. § 3742 or any other ground, and also waived his right to challenge his sentence or the manner in which it was determined in any collateral attack. On September 27, 2011, this Court entered judgment against the defendant which reflected the sentence imposed at the sentencing hearing. The defendant did not appeal his sentence.

## II. Discussion

The defendant argues in the instant motion that this Court failed to adequately explain why the sentence imposed met the requirements of the factors of 18 U.S.C. § 3553(a). He maintains that the above-quoted explanation given by this Court to support its rationale behind the defendant's sentence failed to explain how

3

the factors of § 3553(a) applied to him in particular, as is required by the Fourth Circuit in Carter. 564 F.3d at 329.

Initially, this Court does not have the authority to grant the defendant the relief he seeks. No vehicle by which a district court may reconsider a previously imposed sentence due to procedural defect exists outside of Federal Rule of Criminal Procedure 35, which allows a court to "correct a sentence which resulted from arithmetical, technical or other clear error," and the appeals process wherein an appellate court may remand a case to a sentencing court for such reconsideration. Here, not only did the defendant waive his right to appeal or collaterally attack his sentence and the manner by which it was imposed pursuant to his plea agreement, the defendant chose not to timely appeal the procedure by which this Court imposed sentencing upon him. Federal Rule of Appellate Procedure 4(b) requires that criminal defendants file a notice of appeal within 14 days of the entry of judgment. This defendant was sentenced nearly nine months before this motion was filed, and no notice of appeal has been filed. Further, even if this motion was to be considered a motion to correct a sentence pursuant to Federal Rule of Criminal Procedure 35, it would not only be an inappropriate vehicle for the remedy sought because the defendant does not claim any error in the actual sentence, but would also be procedurally barred. Such a motion by the defendant must likewise be filed "[w]ithin 14 days after sentencing."

Further, even if this Court possessed a vehicle by which it could grant the defendant's motion, the defendant received the sentence that he requested and failed to object to the sentence or this Court's explanation thereof at the time of sentencing. Accordingly, he failed to preserve this issue for appeal at the sentencing hearing, thus imposing a "plain error" standard of review. United States v. Lynn, 592 F.3d 572, 577 (4th Cir. 2009); and United States v. Leech, 409 F. App'x 633, 638-39 (4th Cir. 2011) (unpublished). This standard requires a procedural defect to be "clear and obvious" and to have "seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings." See Lynn, 592 F.3d at 577 (internal citation omitted).

Under the applicable plain error standard, this Court finds the motion to be not only procedurally barred, but without merit. The defendant relies upon the concept advanced by the Fourth Circuit in Carter that a district court must "adequately explain" the sentence imposed upon a defendant. 564 F. 3d at 328-29. The Court in Carter found the district court in that case to have inadequately explained the sentence imposed when it varied below the guideline range in its sentence without actually stating in open court that he found that the defendant's arguments for such a variance were adopted.

This case, however, is a quite factually different situation. Here, the defendant entered into a binding plea agreement wherein he agreed to the sentence that this Court ultimately imposed.

Further, the sentence imposed was within the guideline range for this defendant, was agreed to and was, in fact, the sentence requested orally by both parties to this action at the sentencing hearing. See Carter, 564 F.3d at 328 ("Where a defendant or prosecutor presents nonfrivolous reasons for imposing a different sentence, . . . a district judge should address the party's arguments and explain why he has rejected those arguments."). Finally, where the court in Carter simply imposed a sentence without any reference to the § 3553 factors, this Court stated that it felt that the sentence imposed was sufficient under the factors and stated the reasons why as quoted above. "The district court need not 'robotically' tick through § 3553(a)'s every subsection." Id. Given the factual circumstances surrounding this particular defendant's sentence, this Court finds that it adequately satisfied the requirements of Carter in its imposition of a sentence in this case and that no plain error was committed. Further, in the context of the acceptance of a properly entered binding plea agreement to which the defendant has agreed and does not now contest, and which imposes a sentence within the guideline range, any possible procedural defect in this Court's explanation of the basis for its sentence could not have seriously affected the defendant's substantial rights.

## III. Conclusion

For the above stated reasons, the defendant's amended motion in the interest of justice to notify court of sentencing error (ECF No. 40) is DENIED.

Additionally, the defendant did not file or provide a copy of his letter motion to the government. The defendant is advised that the original and two copies of all motions and other pleadings must be filed with the Clerk of the Court with a certificate stating that the motion or pleading was served upon the United States Attorney's Office. Failure to observe these rules may result in delay and refusal by this Court to consider such motion or other pleading.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion to the defendant and to counsel of record herein.

DATED: June 20, 2012

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE